MICHAEL D. KOLODZI (CAL. BAR NO. 255772)
    mdk@mdklawfirm.com
1801 CENTURY PARK EAST, SUITE 2500
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310.556.9688
FACSIMILE: 310.861.8707

WILLIAM CHARLES TANENBAUM (CAL. BAR NO. 305030)
    tanenbaum@tanenbaumlegal.com
9701 WILSHIRE BOULEVARD, SUITE 1000
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE: 310.628.0989
FACSIMILE: 310.859.1960

*Attorneys for Plaintiff*
*ZACH MOTION PICTURES, INC.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALFORNIA

| | |
|---|---|
| ZACH MOTION PICTURES, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> BRIDGESTONE MULTIMEDIA GROUP, LLC, a Delaware limited liability company; EVA WARD, an individual; TELEFILM CO. INC., a New York corporation; SATURN PRODUCTIONS, INC., a New York corporation; JIM MCCULLOUGH ENTERTAINMENT, LLC, a Louisiana limited liability company; and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 501 AND § 1202 AND FRAUD** <br><br><br><br><br><br><br><br><br><br><br> REQUEST FOR JURY TRIAL |

-1-

Plaintiff ZACH MOTION PICTURES, INC. ("Plaintiff" and/or "ZMP") by and through its attorneys, for their Complaint for Copyright Infringement allege as follows:

## **PRELIMINARY STATEMENT**

1.     Plaintiff ZMP brings this action seeking injunctive and monetary relief against Defendants BRIDGESTONE MULTIMEDIA GROUP, LLC, a Delaware limited liability company; EVA WARD, an individual; TELEFILM CO. INC., a New York corporation; SATURN PRODUCTIONS, INC., a New York corporation; JIM MCCULLOUGH ENTERTAINMENT, LLC, a Louisiana limited liability company (collectively the "Defendants") infringements of ZMP's federally copyrighted films (collectively "Copyrighted Works"):

a.     "The Sin of Adam and Eve," authored by Producciones Zacarias, S.A., registration number PA 344-940, created in 1961, first created, published, released and produced as a full feature film with worldwide distribution, including throughout the United States, in or about December 1968 ("1968 Publication"), effective date of registration September 2, 1986 ("The Sin of Adam and Eve");

b.     "Jesus, Mary and Joseph," author Alfredo Zacarias, registration number PA 874-919, first created, published, released, and distributed as a full feature film with worldwide distribution, including throughout the United States, in or about January 1969 ("1969 Publication"), effective date of registration November 26, 1997 ("Jesus, Mary and Joseph");

c.     "The Christ Child," author Panorama Films, S.A., registration number PA 785-313, first created, published, released and produced as a full feature film with worldwide distribution, including throughout the United

States in or about January 1970 ("1970 Publication"), effective date of registration December 29, 1997 ("The Christ Child"); and

d.      "The Life of Jesus Christ," author Panorama Films, S.A., registration number PA 565-755, created in 1980, and published, released and produced as a full feature film with worldwide distribution, including throughout the United States, on or about January 3, 1981 ("1981 Publication"), with an effective date of registration November 1, 1991 ("The Life of Jesus Christ").

2.      ZMP is a family-owned business.   ZMP is a film and television production company, spanning three generations of the Zacarias family, from writer-director Miguel Zacarias to Miguel's son, Alfredo Zacarias, a writer-director-producer, and to Alfredo's son, producer Alfredo Zacarias, Jr.

3.      The Life of Jesus Christ is a compilation of four (4) films written and directed by Miguel Zacarias, comprising parts of four feature-length films: The Sin of Adam and Eve; The Christ Child; Jesus, Mary and Joseph; Jesus Our Lord.

4.      ZMP owns the copyrights and exclusive worldwide distribution rights for The Life of Jesus Christ; The Sin of Adam and Eve; The Christ Child; Jesus, Mary and Joseph; and Jesus Our Lord (collectively, again, the "Copyrighted Works").

5.      The Sin of Adam and Eve had a 1968 Publication. See *supra*.

6.      Jesus, Mary and Joseph had 1969 Publication. See *supra*.

7.      The Christ Child had a 1970 Publication. See *supra*.

8.      The Life of Jesus Christ had a 1981 Publication. See *supra*.

9.      Since each Publication of the Copyrighted Works, ZMP published, distributed, publicly displayed, and sold copies of the Copyrighted Works throughout the United States.

10.     All of the claims asserted herein arise out of and are based on Defendants' copying, distribution, and sale of a film called, The Nativity, that is

virtually identical and or substantially similar to ZMP's Copyrighted Works ("The Nativity" or the "Infringing Work").  ZMP sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

11.    ZMP seeks all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, ZMP'S damages, and DefendantS' profits from their willfully infringing conduct, and other monetary relief, including, in the alternative to profits, statutory penalties.

### JURISDICTION AND VENUE

12.    This court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338(a).

13.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) as a substantial part of contracting and events related to the Infringing Work occurred in this Court's jurisdiction.

### PARTIES

14.    Plaintiff ZMP is a corporation incorporated and headquartered in the State of California.

15.    On information and belief, Defendant BRIDGESTONE MEDIA GROUP, LLC, ("BRIDGESTONE") is a limited liability company formed under the laws of Delaware, is in the television and film business that regularly conducts such film business in the County of Los Angeles, State of California, and has exploited ZMP's copyright in the jurisdiction of this Court.

16.    On information and belief, Defendant EVA WARD ("WARD") is an individual who profited off and exploited ZMP's copyright, and did business regularly in the County of Los Angeles, State of California.

17.   On information and belief, Defendant TELEFILM CO. INC., ("TELEFILM") is a corporation formed under the laws of New York, is in the television and film business that regularly conducts such film business in the County of Los Angeles, State of California, and has exploited ZMP's copyright in the jurisdiction of this Court.

18.   On information and belief, Defendant SATURN PRODUCTIONS, INC. ("SATURN") is a corporation formed under the laws of the State of New York, is in the television and film business that regularly conducts such film business in the County of Los Angeles, State of California, and exploited ZMP's copyright in the jurisdiction of this Court.

19.   On information and belief, Defendant JIM MCCULLOUGH ENTERTAINMENT, LLC ("MCCULLOUGH") is a limited liability company formed under the laws of Louisiana, is in the television and film business that regularly conducts such film business in the County of Los Angeles, State of California, and has exploited ZMP's copyright in the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

**Plaintiff's Copyrighted Work**

20.   The Copyrighted Works, and each of them, are wholly original, and Plaintiff ZMP is the exclusive owner of all rights, title, and interest, including all rights under copyright, in the Copyrighted Works.

21.   The Copyrighted Works were all successfully released and received in movie theatres throughout the US, Mexico, Latin America, Spain, and Italy, in original Spanish.

22.   ZMP also owns the English-language version of all the Copyrighted Works.

23.   On or about late 1981, prior to Christmas 1981, The Life of Jesus Christ was distributed in its original Spanish-language version by Million Dollar Video

Corporation, at the time, on information and belief, widely considered one of the largest distributer of Spanish-language films in the United States.

24.    On information and belief, in 1981, The Life of Jesus Christ was a "best-seller" in the United States for Million Dollar Video.

25.    At same time as The Life of Jesus Christ was distributed by Million Dollar Video, The Copyrighted Works were licensed to Univision for television distribution, and are currently licensed to Univision for television distribution.

26.    On information and belief, since 1970, as each of the Copyrighted Works were created and published, they have been played on television routinely annually at Christmas and Easter throughout many parts of the world, including the United States.

**Defendants' Infringements**

27.    On information and belief, Defendants, and each of them, are engaged in the film and television business.

28.    On information and belief, the Defendants each contributed to the publication, distribution, and sale of the The Nativity.

29.    The Nativity uses exact scenes from ZMP's original film, The Life of Jesus Christ, as The Nativity, like The Life of Jesus Christ, is a compilation of ZMP's original feature films, The Sin of Adam and Eve, The Christ Child, Jesus, Mary and Joseph, and original content from The Life of Jesus Christ (The Nativity shall be referred to as "Infringing Work").

30.    The Nativity's systematic and repeated infringements of the Copyrighted Works occur as follows in its film in the following chronological order:

a)    Doctored Copyright Notice. The copyright notice is doctored a) by changing Miguel Zacarias' name to Miguel Zacaro; b) not including Panorama Films, S.A. as the proper original owner, instead inserting Telefilm Company, Inc.;

b.      Doctored Opening Credits. Panorama Films, S.A. 1984 should be displayed instead Bridgestone is displayed;

c.      Scene 2, entitled, The Creation, from 0:01'45" to 0:02'00" is the exact scene from The Sin of Adam and Eve;

d.      Scene 3, entitled Creation of Man, from 0:02'01" to 0:02'20" is the exact scene from The Sin of Adam and Eve;

e.      Scene 4, entitled Garden of Eden, from 0:02'20" to 0:02'27" is the exact scene from The Sin of Adam and Eve;

f.      Scene 5, entitled Angel Announcement to the Virgin Mary is the exact scene from The Christ Child;

g.      Scene 6, entitled Close Up: Virgin Mary, is the exact scene from The Christ Child;

h.      Scene 7, entitled Proclamation of the Roman Census, is the exact scene from The Christ Child;

i.      Scene 8, entitled Holy Family to Bethlehem, from 0:04'45" to 0:05'21" is the exact scene from The Christ Child;

j.      Scene 9, entitled The Three Wise Kings Travel Following the Star of Bethlehem, starting at 0:05'21"  to 0:05'41" is the exact scene from The Christ Child;

k.      Scene 10, entitled King Harod Receives the Three Wise Kings at his Palace, starting at 0:05'41" is the exact scene from The Christ Child;

l.      Scene 11, entitled The Holy Family Arrives in Bethlehem and Cannot Find Lodging, is the exact scene from The Christ Child;

m.      Scene 12, entitled The Holy Family Arrives at the Manger, starting at 0:08'32" is the exact scene from The Christ Child;

n.      Scene 13, entitled Birth of Jesus, the Three Kings Present Their Gifts, starting at 0:09'07" is the exact scene from The Christ Child;

o.      Scene 14, entitled Birth of Jesus, The Prophecy of Simeon and Anna, starting at 0:11'02" is the exact scene from The Christ Child;

p.      Scene 15, entitled Roman Garrison to Bethlehem, starting at 0:12'16" is the exact scene from The Christ Child;

q.      Scene 16, entitled Romans Arrive, Mary Returns from the Fountain, starting at 0:13'10" is the exact scene from The Christ Child;

r.      Scene 17, entitled Harod Orders the Massacre of the Innocents, starting at 0:14'15" is the exact scene from The Christ Child;

s.      Scene 18, entitled Massacre of the Innocents, Orders Received, starting at 0:15'11" is the exact scene from The Christ Child;

t.      Scene 19, entitled Party Before the Massacre, starting at 0:16'05" is the exact scene from The Christ Child;

u.      Scene 20, entitled Soldiers Begin Massacre, starting at 0:16'45" is the exact scene from The Christ Child;

v.      Scene 21, entitled Angel Tells Joseph to Flee to Egypt, starting at 0:17'30" is the exact scene from The Christ Child;

w.      Scene 22, entitled Holy Family in the Desert on Their Way to Egypt, starting at 0:18'48" is the exact scene from The Christ Child;

x.      Scene 23, entitled Joseph Declines to Build A Cross, starting at 0:19'01" is the exact scene from Jesus, Mary and Joseph;

y.      Scene 24, entitled The Holy Family Leaves Egypt Back to Nazareth, starting at 0:21'30" is the exact scene from Jesus, Mary and Joseph;

z.      Scene 25, entitled Holy Family at the Sea of Galilee, starting at 0:22'05" is the exact scene from Jesus, Mary and Joseph;

aa.      Scene 26, entitled Holy Family to High Temple for Passover, starting at 0:22'20" is the exact scene from Jesus, Mary and Joseph;

bb.      Scene 27, entitled Jesus Enters the High Priests' Chambers, starting at 0:24'24" is the exact scene from Jesus, Mary and Joseph;

cc.    Scene 28, entitled Mary Waits for Jesus and Jospeh Outside the Temple, starting at 0:24'56" is the exact scene from Jesus, Mary and Joseph;

dd.    Scene 29, entitled Jesus Does Not Sacrifice the White Dove, Lets it Fly Free, starting at 0:25'03" is the exact scene from Jesus, Mary and Joseph;

ee.    Scene 30, entitled Jesus Stays at the Temple Instead of Joining the Caravan, starting at 0:25'55" is the exact scene from Jesus, Mary and Joseph;

ff.    Scene 31, entitled Joseph and Mary Discover that Jesus is Missing, starting at 0:28'23" is the exact scene from Jesus, Mary and Joseph;

gg.    Scene 32, entitled Joseph, Mary and Young John The Baptist Return to the Temple Looking For Jesus, starting at 0:29'37" is the exact scene from Jesus, Mary and Joseph;

hh.    Scene 33, entitled Jesus at the Temple with the High Priests, starting at 0:30'14" is the exact scene from Jesus, Mary and Joseph;

ii.    Scene 34, entitled Jospeh Finds Jesus at the Temple, starting at 0:32'01" is the exact scene from Jesus, Mary and Joseph;

jj.    Scene 35, entitled Fade Out of Jesus at the Temple, Close Up of Mary, starting at 0:33'58" is the exact scene from Jesus, Mary and Joseph;

kk.    Scene 36, entitled John The Baptist is Grown to Manhood, starting at 0:34'00" is the exact scene from Jesus, Mary and Joseph;

ll.    Scene 37, entitled Jesus is Baptized, John The Baptist in the River Jordan, starting at 0:36'00" is the exact scene from Jesus Our Lord;

mm.    Scene 38, entitled Jesus Fasts in the Wilderness for Forty Days and is Tempted by Satan, starting at 0:36'30" is the exact scene from Jesus Our Lord;

nn.    Scene 39, entitled John The Baptist is Apprehended by the Romans for Insulting King Harod, starting at 0:37'52" is the exact scene from Jesus Our Lord;

oo.    Scene 40, entitled John The Baptist is Condemned to Prison by King Harod, starting at 0:39'20" is the exact scene from Jesus Our Lord;

pp.    Scene 41, entitled Jesus Starts Recruiting the Apostles at the Sea of Galilee, starting at 0:40'02" is the exact scene from Jesus Our Lord;

qq.    Scene 42, entitled Judas Joins Jesus and the Apostles, starting at 0:42'20" is the exact scene from Jesus Our Lord;

rr.    Scene 43 and for all subsequent scenes until the end of The Nativity, including, but not limited to, all major events of Jesus' life up to his resurrection are exact scenes from Jesus Our Lord;

ss.    During Final Credits, original end credits of The Life of Jesus Christ are included as well as doctored and false credits at 1:31'00".

31.    On information and belief, the Infringing Work is being distributed and published on www.youtube.com; and is being sold throughout the United States and elsewhere over many platforms, including, not limited to, www.Amazon.com on DVD.

32.    Plaintiff ZMP never consented to or authorized Defendants' use of any Copyrighted Works.

33.    Any consent or license that was in effect between ZMP and any Defendant has been revoked or terminated for over two decades. Any use by Defendants, and each of them, of the Copyrighted Works has therefore been unauthorized and unconsented to by ZMP for over twenty years.

34.    On information and belief, Defendants obtained physical possession of or otherwise viewed ZMP's Copyrighted Work, and intentionally copied the Copyrighted Works to create the Infringing Work. That Defendants copied the Copyrighted Work when it created the Infringing Work is evidenced by the display

of exact scenes from the Copyrighted Works, which cannot possibly be explained other than as a result of copying the Copyrighted Works.

35.    On information and belief, Defendants even edited the copyright notices and names of ZMP on the cover of The Nativity to avoid detection by ZMP of Defendants' infringements.

36.    Defendants copied The Life of Jesus Christ without ZMP's authorization, consent, or knowledge, and without any remuneration to ZMP.

37.    Since Defendants copied the Copyrighted Work to create the Infringing Work, it has been distributing and selling The Nativity with impunity across the United States and across various parts of the world.

38.    On information and belief, Defendants' infringement is ongoing and continuous through the present day.

39.    On or about December 21, 2021, ZMP's then-counsel sent a cease-and-desist letter to Defendant BRIDGESTONE objecting to their unauthorized reproduction, distribution, public display, and sale of the Infringing Work.

40.    To date, after reasonable inquiry, ZMP has no evidence that any Defendant has complied with the demands set out in ZMP's former counsel's cease and desist letter.

41.    As a result of Defendants' actions and each of them, ZMP has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, public display, and sale of the Infringing Work. Defendants have never accounted to or otherwise paid ZMP for its use of the Copyrighted Work.

42.    Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to ZMP for which it has no adequate remedy at law.

///

///

# FIRST CAUSE OF ACTION

## Federal Copyright Infringement

## (17 U.S.C. § 501)

### (by Plaintiff ZMP against ALL DEFENDANTS and DOES 1-20)

43.     Plaintiff ZMP repeats and realleges paragraphs 1 through 42 hereof, as if fully set forth herein.

44.     The Copyrighted Works are original works of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.  ZMP is the exclusive owner of rights under copyright in and to the Copyrighted Works. ZMP owns valid copyright registrations for each of the Copyrighted Works.

45.     Through Defendants' conduct alleged herein, including Defendants' ongoing reproduction, distribution, public display and sale of the Infringing Work, which is copied from, derivative of, and substantially similar to ZMP's Copyrighted Works, without ZMP's permission, Defendants have directly infringed ZMP's exclusive rights in the Copyrighted Works in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

46.     On information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of ZMP's rights in the Copyrighted Works, and has enabled Defendants illegally to obtain profit therefrom.

47.     As a direct and proximate result of Defendants' infringing conduct alleged herein, ZMP has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), ZMP is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the Infringing Work and products incorporating or embodying the Infringing Work, and an accounting of and a constructive trust with respect to such profits.

48.　　Alternatively, ZMP is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendants' infringing conduct for each of ZMP's property that Defendants has infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

49.　　ZMP further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

50.　　As a direct and proximate result of the Defendants' infringing conduct alleged herein, ZMP has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Copyrighted Works. ZMP therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

## SECOND CAUSE OF ACTION

### Integrity of Copyright Management Information

### (17 U.S.C. § 1202 (b))

### (by Plaintiff ZMP against ALL DEFENDANTS and DOES 1-20)

51.　　Plaintiff ZMP repeats and realleges paragraphs 1 through 50 hereof, as if fully set forth herein.

52.　　In each of Defendants' ongoing reproductions, distributions, public displays and sales of the Infringing Work, Defendants have caused the Infringing Work to provide copyright management information that is false, removed and altered copyright management information has been removed and altered, from the director of The Life of Jesus Christ being Miguel Zacarias (not "Miguel Zacario") to the proper copyright holder being Zach Motion Pictures (not "Telefilm Company, Inc.").

///

53.    As a direct and proximate result of Defendants' conduct alleged herein, ZMP has been harmed and is entitled to actual or statutory damages in an amount to be proven at trial.

54.    ZMP further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 1203 (b)(5).

### THIRD CAUSE OF ACTION

### Fraud

### (by Plaintiff ZMP against Defendants WARD, TELEFILM, and DOES 1-20)

55.    Plaintiff ZMP repeats and realleges paragraphs 1 through 55 hereof, as if fully set forth herein.

56.    On information and belief, Defendant TELEFILM is owned and operated by co-Defendant WARD.

57.    On information and belief, WARD and TELEFILM represented to co-Defendant MCCULLOUGH that TELEFILM owned or had valid licenses to exploit the Infringing Work when WARD and TELEFILM knew they did not own such copyrights or such licenses.

58.    On information and belief, WARD and TELEFILM caused a false copyright registration to be filed purportedly for the Infringing Work to induce subsequent purchasers of their false copyright that the exploitation, sale, publication and distribution of the Infringing Works was properly authorized.

59.    Additionally, on information and belief, WARD and TELEFILM represented that TELEFILM held valid licenses to exploit the Infringing Work when TELEFILM did not have such valid license(s).

60.    On information and belief, with the false copyright registration and invalid licenses to exploit the Infringing Works, WARD and TELEFILM sold licenses to the Infringing Work without authorization from ZMP.

61.     As a direct and proximate result of WARD and TELEFIM's conduct alleged herein, ZMP has been harmed and is entitled to actual and punitive damages in an amount in excess of $1,000,000.00.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff ZMP request judgment against Defendants, jointly and severally, as follows:

### **FIRST CAUSE OF ACTION**

1.     That Defendants and each of them have violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2.     Granting an injunction permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

      a.     Manufacturing, distributing, marketing, advertising, promoting, displaying, performing, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, perform, or sell the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works;

      b.     Reproducing, distributing, performing, or publicly displaying the Copyrighted Work, creating any derivative works based on the Copyrighted Works, or engaging in any activity that infringes ZMP's rights in its Copyrighted Works; and

      c.     aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

3.     That Defendants, and each of them, be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including

Defendants' profits from sales of the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work.

4.    That Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining copies and inventory of the Infringing Work and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

5.    That Defendants, at their own expense, be ordered to recall the Infringing Work from any distributors, retailers, vendors, or others that have distributed the Infringing Work on Defendants' behalf, and any products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the Copyrighted Works, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to it.

6.    Awarding Plaintiff:

a.    Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

b.    damages sustained by ZMP as a result of Defendants' infringing conduct, in an amount to be proven at trial;

c.    should ZMP so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

d.    ZMP's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

7.    Awarding ZMP interest, including pre-judgment and post-judgment interest, on the foregoing sums.

## SECOND CAUSE OF ACTION

8.    Statutory or actual damages in an amount to be determined at time of trial;

9.    Temporary and permanent injunctions on any further reproductions, distributions, public displays and sales of the Infringing Work;

10.    Reasonable attorney's fees;

11.    Costs of bringing such action; and

12.    Awarding such other and further relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION

13.    For an award of $1,000,000.00; and

14.    Awarding such other and further relief as the Court deems just and proper.

DATED: February 18, 2025                    Respectfully submitted,


                                            By: _____
                                                 MICHAEL D. KOLODZI
                                                 *Attorneys for Plaintiff*
                                                 *ZACH MOTION PICTURES, INC.*

## **JURY TRIAL DEMANDED**

Plaintiff ZACH MOTION PICTURES, INC., hereby demands a jury trial on all issues.


DATED: February 18, 2025                    Respectfully submitted,


By:    _____
       MICHAEL D. KOLODZI
       *Attorneys for Plaintiff*
       *ZACH MOTION PICTURES, INC.*